UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| MARK LINE INDUSTRIES, INC., MARK LINE INDUSTRIES, INC. OF PENNSYLVANIA, INC., and MARK LINE INDUSTRIES, INC. OF NORTH CAROLINA, LLC, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | No. 3:10 CV 189 |
| v. | ) ) | |
| MURILLO MODULAR GROUP, LTD. and SALVADOR V. MURILLO, | ) ) ) | |
| Defendants. | ) | |

## OPINION and ORDER

Plaintiffs Mark Line Industries, Inc., Mark Line Industries, Inc. of Pennsylvania, and Mark Line Industries of North Carolina, LLC (collectively "Mark Line") filed an amended complaint against defendants Murillo Modular Group, Ltd. ("MMG") and Salvador V. Murillo ("Murillo").[1] (DE # 15.) The complaint alleges that defendants failed to pay the balances due on two promissory notes that they had given to Mark Line. (*Id.*) MMG and Murillo have moved to dismiss Mark Line's claims against them pursuant to FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). (DE ## 19, 20.) The parties have agreed to dismiss Count II, failure to pay the balance on the second promissory note, without prejudice, against Murillo. (DE # 29.)

---

[1] Nick Mackie ("Mackie") was also a defendant to the complaint. However, the parties stipulated to his dismissal with prejudice from the case. (DE # 29.)

Mark Line's amended complaint states that defendants executed and delivered two promissory notes to Mark Line, and both notes are attached to the amended complaint. (DE ## 15-1, 15-2.) The court can consider the promissory notes when ruling on the motion to dismiss as these documents are considered to be part of the pleadings because they are written instruments attached to the pleadings. *See* FED. R. CIV. P. 10(c). The first promissory note, dated September 18, 2009, was for $3,802,532.00. (DE # 15 at ¶ 15.) The terms of the note provided that it would mature on the date of whichever was sooner - November 15, 2009, or upon the date(s) when certain conditions were satisfied. (*Id.* ¶ 18.) Mark Line alleges that defendants did not pay the balance due by November 15, 2009. (*Id.* ¶ 19.)

The second note, also dated September 18, 2009, was for $743,297.50. (*Id.* ¶ 23.) The terms of this note also provided that it would mature on the date of whichever was sooner - November 15, 2009, or upon the date(s) when certain conditions were satisfied. (*Id.* ¶ 26.) Mark Line claims that defendants did not pay the balance by November 15, 2009. (*Id.* ¶ 27.) Mark Line alleges that it received a payment of $79,549.51 on this note on January 10, 2010. (*Id.* ¶ 29.) Of this payment, $14,175.47 was applied towards accrued interest and the remaining $65,374.04 was applied to reduce the remaining principal balance. (*Id.* ¶ 30.)

Both notes include the following explanation for "Maker/Borrower":

> **Maker/Borrower:** Murillo Modular Group Ltd, Salvador Murillo and Nick Mackie, (collectively and severally the "Maker or Makers or Borrower" through Murillo Modular Group, Ltd.). The Makers/Borrowers shall be jointly and severally liable.

2

(DE # 15-1 at 1; DE # 15-2 at 1.) At the end, both notes state:

> **IN WITNESS WHEREOF**, the Maker/Borrower understands that it is liable for all obligations arising under this Note and has caused the same to be signed and delivered as of the date first written above.

(DE # 15-1 at 3; DE # 15-2 at 3.) The form of signature then says "Murillo Modular Group, Ltd, Maker/Borrower." Murillo's signature appears above the signature block, "By: Salvador Murillo, Owner" on the first note and "By: Salvador Murillo, Partner" on the second note. (DE # 15-1 at 3; DE # 15-2 at 3.) Nick Mackie has also signed the first note as "owner" and the second note as "partner." (DE # 15-1 at 3; DE # 15-2 at 3.) The notes then say "Accepted: Mark Line" and are signed by "L. Michael Arnold, CEO." (DE # 15-1 at 3; DE # 15-2 at 3.)

Defendants argue that Mark Line's complaint should be dismissed for failure to allege that the promissory notes were supported by consideration or to allege the underlying basis for the notes. (DE # 20 at 3.) They conclude that the complaint should be dismissed because it "does not state all of the material elements necessary to establish that the promissory notes are enforceable" and therefore fails to state a claim upon which relief can be granted. (*Id.*)

Defendants also argue that Mark Line has failed to allege that Murillo is individually liable on the first promissory note. (*Id.*) They argue that the complaint only alleges that Murillo signed the note in his representative capacity as the owner of MMG and that it does not show that he signed it in his individual capacity. (*Id.* at 4-5.) They also argue that Mark Line has not sufficiently pleaded that Murillo is liable on the note

3

as a guarantor. (*Id.* at 5.) Finally, defendants argue that in stating that Murillo and MMG are jointly and severally liable on the first promissory note, the plaintiff is making a legal conclusion that the court need not accept as true. (*Id.* at 6.)

In response, Mark Line argues that the complaint should not be dismissed for failure to include the word "consideration." (DE # 22 at 3.) It argues that stating that the notes were supported by consideration would have amounted to a formulaic recitation of the elements of breach of contract - a pleading that would not have satisfied the requirements of FEDERAL RULE OF CIVIL PROCEDURE 8(a). (*Id.* at 4.) It contends that dismissal is not warranted because the complaint notified defendants of the nature of its claims and met the standard of plausibility. (*Id.*) Further, it argues that its complaint did not need to anticipate or defuse potential defenses such as failure of consideration. (*Id.*)

Mark Line also argues that it has sufficiently pleaded that Murillo is liable on the note in his individual capacity. (*Id.* at 6.) It argues that the promissory notes, taken as a whole, do not unambiguously show that he signed only in his representative capacity. (*Id.* at 7.) Finally, it contends that by alleging that Murillo and MMG were "jointly and severally liable" on the note, it was mirroring the language of the note, not merely making a conclusory legal allegation. (*Id.* at 7-8.)

In reply, MMG and Murillo argue that Mark Line's complaint should be dismissed because it did not plead allegations from which the existence of a valid contract could be inferred. (DE # 24 at 2.) They also reject as both incorrect and irrelevant Mark Line's argument that the words "through Murillo Modular Group,

4

Ltd." meant that the transaction was being facilitated for Murillo through MMG. (*Id.* at 4.) It argues that because Murillo did not sign the note in his individual capacity, the note cannot be enforced against him regardless of its substance. (*Id.*)

## II.  STANDARD OF REVIEW

A court can dismiss a claim under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) for "failure to state a claim upon which relief can be granted." When considering a RULE 12(b)(6) motion to dismiss the court accepts all of "the complaint's well-pleaded allegations as true" and draws "all favorable inferences for the plaintiff." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). A complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a). To satisfy RULE 8(a), the statement "need only 'give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

The Supreme Court has held that to survive a motion to dismiss, a complaint must be plausible on its face, meaning that the plaintiff has pleaded "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). To meet this standard, a complaint must go beyond providing "labels and conclusions," and "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (internal citations omitted). Statements that consist only of "abstract recitations of the elements of a cause of action or conclusory legal statements" do not meet RULE 8(a)'s standards.

*Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010) (quoting *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009)); *Iqbal*, 129 S.Ct. at 1949.

### III. LEGAL ANALYSIS

    A.    *Mark Line's amended complaint sufficiently pleads claims for breach of promissory notes*

Mark Line's complaint is sufficient to give defendants "fair notice" of plausible claims and the grounds upon which they rest. The complaint, accompanied by the two promissory notes in question, shows that the claims arise from the unpaid balance on the two notes. The pleadings give "enough detail" about Mark Line's claim of breach of promissory notes to "present a story that holds together." *Swanson*, 614 F.3d at 404. The story does not fall apart simply because Mark Line has not specifically stated what the consideration for or the basis for the contract was. Although federal law applies to the motion to dismiss, Indiana law is instructive in this instance. Under Indiana law "in order to properly plead the consideration element of their claims, plaintiffs need only allege the existence of a valid note." *Fisher v. Fisher*, 15 N.E. 832 (Ind. 1888); *In re Liquidation of Bourbon Banking Co.*, 30 N.E.2d 311, 316 (Ind. 1940) ("[a] promissory note imports consideration"); *Spurgeon v. Swain*, 41 N.E. 397, 397 (Ind. Ct. App. 1895) ("It is, and long has been, the law that a consideration is presumed in the case of bills of exchange and promissory notes, and in complaints thereon it is not necessary to aver the consideration."). The complaint and the attached promissory notes give defendants sufficient notice of the claims, any basis for the notes, and the consideration for the

6

notes.

Furthermore, as Mark Line mentions in its brief in opposition to the motion to dismiss, failure of consideration is an affirmative defense. *See* FED. R. CIV. P. 8(c)(1). Mark Line is correct in arguing that a complaint "need not anticipate or attempt to defuse potential defenses." *U. S. Gypsum v. Ind. Gas Co., Inc.*, 350 F.3d 623, 626 (7th Cir. 2004); *Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004) ("Complaints need not contain *any* information about defenses and may not be dismissed for that omission."). Typically, failure of consideration is an affirmative defense not appropriately considered at the motion to dismiss stage. *See e.g., Siegel v. Gen. Star Mgmt. Co.*, No. 07-C-913, 2007 WL 1239058, at *2-3 (N.D. Ill. Apr. 26, 2007). A complaint should only be dismissed under RULE 12(b)(6) on the basis of an affirmative defense when a "plaintiff pleads himself out of court by 'admit[ting] all the ingredients of an impenetrable defense.'" *Id.* (citing *Xechem, Inc.*, 372 F.3d at 901). In this case, Mark Line has not pleaded allegations that show there was a failure of consideration. On the contrary, the promissory notes show that it is very likely that Mark Line can "develop a body of facts to support [its] claim that there was a valid contract." *See e.g., Siegel*, 2007 U.S. Dist. LEXIS 31083, at *9. Thus, dismissal based on an affirmative defense is not appropriate because this is not a case in which the pleadings show that the defendants have an "impenetrable defense."

Even though Mark Line did not yet have the burden in its complaint to address an affirmative defense of lack of consideration, it has pleaded enough to meet that

7

burden. The Seventh Circuit has held that the affirmative defense of lack of consideration "casts upon plaintiff the burden of making a prima facie case on the element of consideration." *Seaboard Surety Co. v. Harbison*, 304 F.2d 247, 251 (7th Cir. 1962). The agreement itself is enough to satisfy that burden. *Id.* So Mark Line has met this burden by attaching the promissory notes. Even when plaintiffs have not attached copies of promissory notes to their complaints, district courts within the Seventh Circuit have held that complaints for breach of a promissory note should not be dismissed for failure to specifically allege consideration. *See e.g., Feinstein v. Putman*, No. 10-C-0115, 2010 WL 3386601, at *1 (E.D. Wis. Aug. 23, 2010). Therefore, Mark Line's complaint should not be dismissed for failure to specifically plead the consideration for the promissory notes.

> B. *Mark Line's amended complaint sufficiently alleges that Murillo is individually liable on the promissory note in Count I to survive a motion to dismiss*

Defendants argue that the amended complaint and the promissory note for $3,802,532.00 show only that Murillo signed the note in his representative capacity for MMG - not that he signed it in his individual capacity. (DE # 20 at 3-4.) They argue that Murillo is not individually liable under INDIANA CODE § 26-1-3.1-402(b)(1) because the "form of his signature shows unambiguously" that he signed as a representative of MMG. (DE # 20 at 4.)

Mark Line's pleadings show two different plausible theories for Murillo's individual liability for the note. First, under INDIANA CODE § 26-1-3.1-402(a), Murillo may be liable on the promissory note as a matter of contract law. This part of the statute

8

provides:

> If a person acting, or purporting to act, as a representative signs an instrument by signing either the name of the represented person or the name of the signer, the represented person is bound by the signature to the same extent the represented person would be bound if the signature were on a simple contract. If the represented person is bound, the signature of the representative is the "authorized signature of the represented person" and the represented person is liable on the instrument, whether or not identified in the instrument.

IND. CODE § 26-1-3.1-402(a). So, for example, if Person A agreed to have Person B act as his representative as a matter of agency law, and Person B signed his own name or Person A's name to an instrument, Person A is bound to the instrument as a matter of contract law. This is because as the authorized representative of Person A, Person B's signature is an authorized signature of Person A.

The promissory note at issue states that MMG, Murillo, and Mackie are "collectively and severally the 'Maker or Makers or Borrower' through Murillo Modular Group, Ltd." (DE # 15-1 at 1.) The phrase "through Murillo Modular Group, Ltd." could mean that MMG was authorized to act on behalf of Murillo for this note, so that MMG was acting as Murillo's representative on the promissory note and Murillo was the represented person. In this way, Murillo could still be liable on the note even if he only signed in his representative capacity as the owner of MMG. It could be that MMG signed the note, through Murillo in his representative capacity, as Murillo's representative. Thus, the allegations paint a plausible story that MMG acted as the representative of Murillo under agency law, and by signing the note, it bound Murillo "to the same extent [he] would be bound if the signature were on a simple contract."

IND. CODE § 26-1-3.1-402(b)

Second, Murillo may be liable on the note under INDIANA CODE § 26-1-3.1-402(b). INDIANA CODE § 26-1-3.1-401(a) states that a person is not liable on an instrument unless he has signed the instrument or his agent or representative has signed the instrument. SECTION 26-1-3.1-402(b) provides that a representative signing his name to an instrument as an authorized signature of a represented person is not liable on an instrument if the "form of the signature shows unambiguously that the signature is made on behalf of the represented person." IND. CODE § 26-1-3.1-402(b). If the form of signature "does not show unambiguously that the signature is made in a representative capacity," "the representative is liable on the instrument to a holder in due course that took the instrument without notice that the representative was not intended to be liable on the instrument." IND. CODE § 26-1-3.1-402(b). As to any other person "the representative is liable on the instrument unless the representative proves that the original parties did not intend the representative to be liable on the instrument." *Id.*

In this case the form of signature is ambiguous.[2] Because INDIANA CODE § 26-1-3.1-402(b) is based exactly on UNIFORM COMMERCIAL CODE § 3-402, the

---

[2] Mark Line also points to another provision of the contract, the "Waiver of Interest" clause, to show ambiguity under SECTION 26-1-3.1-402(b). This clause stated:

> Nick Mackie hereby waives his 40% interest and Salvado Murillo hereby waives his 60% claim to their respective interests in and to all profit draws that are or may become due from the NAFI II and Youth Center Contracts.

However, under SECTION 26-1-3.1-402(b) the court only looks to ambiguity in the "form of signature."

10

notes to that section of the U.C.C. are instructive in reading the corresponding section of the INDIANA CODE. The U.C.C. provides three examples of when the form of signature is ambiguous. One example of this is when the agent signs as an agent, but fails to identify the represented person. U.C.C.§ 3-402 cmt. 2. That is similar to the situation as alleged here because the form of signature does not clearly identify MMG as the represented party. The note identifies MMG as the "Maker/Borrower" in the form of signature. However, the note defines "Maker/Borrower" as MMG, Murillo, and Mackie "through Murillo Modular Group." It then says that the "Makers/Borrowers shall be jointly and severally liable." It could be argued that if MMG was the only Maker or Borrower, this definition would not make any sense because there would be no one for it to be jointly and severally liable with. Therefore the definition of "Maker/Borrower" in the contract confuses the identity of the represented person and makes the form of signature ambiguous.

Further, the form of signature is also ambiguous because both Murillo and Mackie signed for MMG. As described above, the signature line on the promissory note in Count I states: "Murillo Modular Group, LTD, Maker/Borrower." (DE # 15-1 at 3.) Beneath that was "By: Salvador Murillo, Owner" with Murillo's alleged signature and "By: Nick Mackie, Owner" with Mackie's alleged signature. (*Id.*) It could be argued that if they were signing only in their representative capacities for MMG, only one of them would have needed to sign the note. So this also causes some ambiguity in the form of signature.

In sum, at this point, Mark Line has plead plausible theories for Murillo's individual liability on the note in Count I. Therefore, it is inappropriate to dismiss this claim against him at this time.

IV.  **CONCLUSION**

For the reasons give above, defendants Murillo Modular Group's and Murillo's motion to dismiss (DE # 19) is **DENIED**. Pursuant to the parties' agreement (DE # 29), plaintiffs' claim for the balance due on the second promissory note, Count II of their amended complaint, is **DISMISSED without prejudice** against Salvador V. Murillo. Count I of the amended complaint shall remain pending against defendants Murillo Modular Group, Ltd. and Salvador V. Murillo. Count II shall remain pending against Defendant Murillo Modular Group, Ltd.

                                                   **SO ORDERED**.

Date: April 15, 2011

                                                   s/James T. Moody
                                                   JUDGE JAMES T. MOODY
                                                   UNITED STATES DISTRICT COURT