UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| MARK LINE INDUSTRIES, INC., *et al.*, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiffs, | ) |  |
|  | ) |  |
| v. | ) | No. 3:10 CV 189 |
|  | ) |  |
| MURILLO MODULAR GROUP, LTD., *et al.*, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## OPINION AND ORDER

Plaintiffs Mark Line Industries, Inc., Mark Line Industries of Pennsylvania, Inc., and Mark Line Industries of North Carolina, LLC (collectively "Mark Line") have moved for summary judgment against defendant Murillo Modular Group LTD ("Murillo Modular") on Count Two of Mark Line's first amended complaint. (DE # 38.) For the following reasons, that motion is granted.

### I. Background and Facts

The following facts have been agreed upon by the parties. (DE # 39; DE # 46 at 1.) From 2008 to 2009, Mark Line provided Murillo Modular with multiple modular units, which Murillo Modular used on various projects throughout the United States. By September 2009, Murillo Modular owed Mark Line over $4.5 million dollars. Murillo Modular claimed that it was unable to meet its obligations to Mark Line because a third company, Atlantic Marine Construction Company, Inc., which owed money to Murillo Modular, had not honored its obligations to Murillo Modular.

Murillo Modular promised to pay its obligations to Mark Line, and requested additional time in which to make those payments. During the course of negotiations between Murillo Modular and Mark Line, Murillo Modular provided Mark Line with two promissory notes in exchange for Mark Line granting Murillo Modular additional time in which to pay its debts.

The second promissory note (DE # 15-2) ("the promissory note"), the only note relevant to the current motion, was in the principal amount of $743,397.50, and had an annual interest rate of 6%. The promissory note was due November 15, 2009.[1] (*Id.*) The promissory note states that the "[e]ntire principal balance is payable, together with interest as stated in one lump sum. Acceptance of partial payments by Payee will not alter the rights for the remaining balance due under this Note." (*Id.*) The promissory note also states that Mark Line will recover "all costs of collection and enforcement, including reasonable attorney's fees and court costs, in addition to other amounts due" if suit is brought for the enforcement of the promissory note. (*Id.*)

Murillo Modular did not pay the balance of the promissory note on November 15, 2009. At that point, Mark Line informed Murillo Modular that Murillo Modular was in default. On January 12, 2010, Mark Line received a partial payment of $79,549.51,[2] and

---

[1] The terms of the promissory note allowed for the possibility that the note would become due at an earlier date, but neither party argues that the earlier due date was triggered.

[2] This payment was made by a company owned or controlled by Nick Mackie, who was terminated as a defendant in this case on March 31, 2011. The payment was made on behalf of Murillo Modular.

2

applied that payment to the interest and principal due under the promissory note. In April 2010, Mark Line filed suit in the United States District Court for the Middle District of Georgia against Murillo Modular and a third party. Mark Line settled with the third party, and on March 1, 2011 the third party made a payment of $317,000 to Mark Line, which was applied to the interest and principal of the promissory note. After that payment, the principal balance of the promissory note was $407,054.75. Mark Line's case against Murillo Modular was dismissed without prejudice.

Since March 1, 2011, Mark Line has not received any further payments on the promissory note. On May 12, 2010, after Mark Line had received the initial partial payment from Mackie, but before it received the second partial payment from the third party, Mark Line initiated the current action. Mark Line brought a two-count complaint against several defendants, including Murillo Modular. The only claim that remains pending is Count II, a breach of contract claim in which Mark Line seeks the recovery of the amount that is still due on the promissory note, plus interest accrued through the date of final judgment, and any costs and attorneys' fees recoverable under the promissory note. Murillo Modular is the only defendant remaining in this case. (DE # 33.)

**II. Legal Standard**

A motion for summary judgment must be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is

entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The parties' burdens in the context of a motion for summary judgment depend on whether the movant or the non-movant would ultimately bear the burden of proof on a disputed issue at trial. Where the movant would bear the burden of proof, the movant "must show that the evidence . . . is 'so one-sided that . . . [the movant] must prevail as a matter of law'" in order to obtain summary judgment in his favor. *Reserve Supply Corp. v. Owens-Corning Fiberglass Corp.,* 971 F.2d 37, 42 (7th Cir. 1992) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251-52 (1986)); *Addicks Servs., Inc., v. GGP-Bridgeland, LP,* 596 F.3d 286, 293 (5th Cir. 2010) (where movant also bears burden of proof, "movant must establish beyond peradventure" all essential elements in order to warrant judgment in his favor"); MOORE'S FED. PRACTICE 3d, § 56.13[1] (where party moves for summary judgment and bears the burden of proof on the issue, it must show that the evidence is so powerful that no reasonable jury would be free to disbelieve it).

The court's role in deciding a summary judgment motion is not to evaluate the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *Anderson,* 477 U.S. at 249-50; *Doe v. R.R. Donnelley & Sons Co.,* 42 F.3d 439, 443 (7th Cir. 1994). On summary judgment a court may not make credibility determinations, weigh the evidence, or decide which inferences to draw from the facts; these are jobs for a factfinder. *Payne v. Pauley,* 337 F.3d 767, 770 (7th Cir. 2003) (citing *Anderson,* 477 U.S. at 255). In viewing the facts presented on a motion for summary judgment, the court must construe all facts in a light most favorable to the non-moving party and draw all

reasonable inferences in favor of that party. *Chmiel v. JC Penney Life Ins. Co.,* 158 F.3d 966, 968 (7th Cir. 1998); *Doe,* 42 F.3d at 443. Importantly, the court is "not required to draw *every* conceivable inference from the record [in favor of the non-movant]-only those inferences that are reasonable." *Bank Leumi Le-Israel, B.M., v. Lee*, 928 F.2d 232, 236 (7th Cir. 1991) (emphasis added).

III. Analysis

The parties agreed in the promissory note that the law of Indiana would govern any dispute arising out of the promissory note. (DE # 15-2 at 2.) The court will therefore apply Indiana substantive law to plaintiff's motion for summary judgment. *United States v. Kashamu*, 656 F.3d 679, 685 (7th Cir. 2011) ("Ordinarily a court will enforce the choice of law rule selected by the parties . . . unless they select a foreign law that would be too difficult for the federal court to apply . . . ."); *Faulkenberg v. CB Tax Franchise Sys., LP,* 637 F.3d 801, 809 (7th Cir. 2011) ("As for which state's law applies . . . we normally respect the law chosen in the . . . agreement . . . .").

In its brief in support of its motion for summary judgment, Mark Line argues that the promissory note is a valid contract, that Murillo Modular breached that contract by not paying the full amount due on November 15, 2009, and that Mark Line suffered damages as a result of that breach. (DE # 39 at 7-8.) Under Indiana law, in order to establish a breach of contract, a plaintiff must demonstrate "the existence of a contract, the defendant's breach thereof, and damages." *American Family Mut. Ins. Co. v. Matusiak*, 878 N.E.2d 529, 533 (Ind. Ct. App. 2007) (quotation omitted). "A party who fails to make

payments as required by a contract is guilty of a breach thereof." *Henthorne v. Legacy Healthcare, Inc.*, 764 N.E.2d 751, 758 (Ind. Ct. App. 2002). "The party asserting a breach of contract bears the burden of proof." *Ind.-Am. Water Co. v. Town of Seelyville,* 698 N.E.2d 1255, 1258 (Ind. Ct. App. 1998).

Before addressing the issue that is in dispute, it is important to note the issues that are not in dispute. First, Murillo Modular does not dispute that the promissory note is an enforceable contract. (DE # 46 at 5.) Second, Murillo Modular does not dispute its obligation to pay the balance due on the promissory note. (*Id.*) Finally, Murillo Modular does not dispute that it failed the pay the balance due on the promissory note by November 15, 2009, the promissory note's due date. (*Id.* at 5-6.) Murillo Modular's only argument is that by accepting two partial payments after the promissory note's due date, the parties modified their agreement to allow Murillo Modular to continue to make partial payments. The court will therefore confine its analysis to that issue.

"It is well established in Indiana law that a contract modification may be implied from the conduct of the parties." *Anderson v. Northeast Otolaryngology, P.C.*, No. 106CV-0037, 2006 WL 3487333, at *3 (S.D. Ind. Dec. 1, 2006), *see also City of Indianapolis v. Twin Lakes Enterprises, Inc.*, 568 N.E.2d 1073, 1084-85 (Ind. Ct. App. 1991) ("[M]odification of a contract can be implied from the conduct of the parties."). Additionally, because a

contract can be modified by the conduct of the parties, a modification need not be in writing. *Twin Lakes Enterprises, Inc.*, 568 N.E.2d at 1084-85.[3]

"[Q]uestions regarding the modification of a contract are ones of fact, and are to be determined by the jury upon the evidence in each case." *Gilliana v. Paniaguas*, 708 N.E.2d 895, 897 (Ind. Ct. App. 1999). "However, the same can be said of many issues that arise in trials." *Anderson*, 2006 WL 3487333, at *3. Because Mark Line moved for summary judgment and bears the burden of proving its breach of contract claim, it must show that the evidence on this issue is so one-sided that it must prevail as a matter of law. *Reserve Supply,* 971 F.2d at 42.

In cases where courts have upheld a finding of a contract modification by the conduct of the parties, the parties' conduct has differed in some way from the terms of the original contract. *Compare Twin Lakes Enterprises, Inc.*, 568 N.E.2d at 1084-86 (upholding trial court's decision to give jury instruction regarding contract modification by conduct where both parties took actions "with full knowledge of the conduct of the other on subject matter not theretofore contemplated by any writing . . . ."), *and Skweres v. Diamond Craft Co.*, 512 N.E.2d 217, 219-21 (Ind. Ct. App. 1987) (upholding trial court finding that parties had modified agreement by behaving in a way inconsistent with

---

[3] Murillo Modular cites two cases in support of its position that the explicit language of a written contract may be modified by the conduct of the parties. (*See* DE # 46 at 5-6); *see also Associated Milk Producers, Inc. v. Meadow Gold Dairies, Inc..*, 27 F.3d 268, 270-72 (7th Cir. 1994); *Central Ill. Pub. Serv. Co. v. Atlas Minerals, Inc.*, 965 F. Supp. 1162 (C.D. Ill. 1997). The court agrees that under Indiana law, a contract may be modified by the conduct of the parties.

7

original agreement and where neither party objected to the inconsistent conduct), *with*

*Vara v. Menard, Inc.*, No. 1:05 CV 0551, 2005 WL 2886075, at *8 (S.D. Ind. Oct. 28, 2005)

(rejecting argument that parties modified contract by conduct where conduct was entirely

consistent with terms of contract). In the promissory note at issue in this case, however,

the parties explicitly agreed that Mark Line could accept partial payments without

impacting its ability to demand payment for the entire balance. The promissory note

states:

> Entire principal balance is payable, together with interest as stated in one lump sum. Acceptance of partial payments by Payee will not alter the rights for the remaining balance due under this Note.

(DE # 15-2.) Thus, the undisputed evidence before the court shows that by accepting

partial payments, Mark Line was doing exactly what it had negotiated to do in the

promissory note.

The only evidence that Murillo Modular has submitted in support of its argument

that the parties modified their contract by conduct is the affidavit of one of its general

partners, which states that because Mark Line had accepted two partial payments on the

promissory note, he was under the belief that Mark Line had agreed to continue to accept

partial payments. (DE # 46 at 13-14.) This is not, however, evidence that the parties acted

in a way that was inconsistent with their agreement, and there is no additional evidence

of modification. Additionally, the fact that the second partial payment was accepted after

Mark Line had filed this action seeking the entire balance due on the promissory note

8

belies Murillo Modular's argument that it believed Mark Line had agreed to accept partial payments.[4]

In sum, there is no evidence before the court that the parties acted in a way that was inconsistent with the terms of their agreement. Without any such evidence, Mark Line has shown that the evidence is so one-sided that it must prevail as a matter of law on its breach of contract claim. Therefore, summary judgment is appropriate on Count II of Mark Line's complaint.

**IV. Prejudgment Interest**

Mark Line also seeks prejudgment interest on the outstanding balance of the promissory note at an annual rate of 6%. (DE # 15 at 5; DE # 39 at 5, 9.) "In diversity cases, federal courts look to state law for the availability of prejudgment interest." *Allison v. Ticor Title Ins. Co.*, 979 F.2d 1187, 1201 (7th Cir. 1992); *see also Fairmont Specialty Ins. Co. v. 1039012 Ontario, Inc.*, No. 2:10 CV 070, 2012 WL 5509626, at *2 (N.D. Ind. November 13, 2012) ("[T]he Court, sitting in diversity, is required to assess pre-judgment interest under Indiana law.").

"Prejudgment interest is appropriate in a breach of contract action when 'the amount of the claim rests upon a simple calculation and the terms of the contract make

---

[4] To the extent that Murillo Modular is arguing that the promissory note was modified by the parties' course of performance, because neither party had repeated occasions for performance under the contract, there is no evidence of a course of performance in this case. *See* IND. CODE § 26-1-1-205(2)(a) ("A course of performance is a sequence of conduct between the parties to a particular transaction that exists if the . . . agreement of the parties with respect to the transaction involves repeated occasions for performance by a party . . . .").

9

such a claim ascertainable.'" *Kummerer v. Marshall*, 971 N.E.2d 198, 201 (Ind. Ct. App. 2012) (quoting *Olcott Int'l & Co. v. Micro Data Base Sys., Inc.*, 793 N.E.2d 1063, 1078 (Ind. Ct. App. 2003)); *see also Caudill Seed & Warehouse Co. v. Rose Seeding & Sodding, Inc.*, 764 F. Supp. 2d 1022, 1033 (S.D. Ind. Oct. 6, 2010) ("An award of pre-judgment interest is warranted in a breach of contract claim if the amount of the claim rests upon a simple calculation and the terms of the contract make the claim readily ascertainable; in such an instance an award is required and not a matter of discretion."); *Firstmark Standard Life Ins. Co. v. Goss,* 699 N.E.2d 689, 693 (Ind. Ct. App. 1998) ("An award of prejudgment interest in a contract claim is warranted if the terms of the contract make the claim ascertainable and the amount of the claim rests on mere mathematical computation."). "Examples of such cases where prejudgment interest is appropriate include those for breach of contract when the damages were principal payments made under a promissory note . . . ." *Kummerer*, 971 N.E.2d at 201.

"[A]n award of prejudgment interest is generally not considered a matter of discretion." *Olcott Intern. & Co., Inc.*, 793 N.E.2d at 1078; *see also Noble Roman's, Inc. v. Ward,* 760 N.E.2d 1132, 1140 (Ind. Ct. App. 2002) (same). "Prejudgment interest is computed from the time the principal amount was demanded or due . . . ." *Cincinnati Ins. Co. v. BACT Holdings, Inc.*, 723 N.E.2d 436, 441 (Ind. Ct. App. 2000). When the parties have agreed to a prejudgment interest rate, that rate is used to calculate the prejudgment interest amount. *Fackler v. Powell*, 923 N.E.2d 973, 977 (Ind. Ct. App. 2010); *see also* 17 IND. LAW ENCYCL., *Interest and Usury* § 13 (2013) ("Where the parties have agreed to a rate of

interest, that rate is used to compute the amount of prejudgment interest in a judgment on a contract.").

Murillo Modular does not dispute the balance owed on the promissory note. (DE # 46 at 1-3.) Additionally, the parties agreed in the promissory note that the annual interest rate on unpaid principal would be 6%. (DE # 15-2 at 1.) Because the amount of damages to be awarded in this case rests on a mere mathematical computation, and not the exercise of the court's judgment, the court grants plaintiff's request for 6% prejudgment interest on $407,054.75[5] ($24,423.28 per year, or $66.91 per day), for 701 days, totaling $46,903.91.

**V. Conclusion**

For the foregoing reasons, plaintiffs Mark Line Industries, Inc., Mark Line Industries, Inc. of Pennsylvania, and Mark Line Industries of North Carolina, LLC's motion for summary judgment (DE # 38) is **GRANTED**. The Clerk is directed to enter final judgment in favor of plaintiffs Mark Line Industries, Inc., Mark Line Industries, Inc. of Pennsylvania, Inc. and Mark Line Industries of North Carolina, LLC, and against defendant Murillo Modular Group LTD, in the amount of $453,958.66 (principal of $407,054.75, and interest of $46,903.91). Post-judgment interest shall accrue at the legal rate pursuant to 28 U.S.C. § 1961(a).

---

[5] This is the balance of the remaining principal as of March 1, 2011, the date of the last partial payment. (DE # 39 at 5). Because the partial payments were used to pay off the interest that had accrued on the principal (DE # 39 at 4-5), the court will calculate prejudgment interest from the date of the last partial payment.

11

To recover its costs, Mark Line must follow the procedure set out in N.D. IND. LOCAL RULE 54-1. Mark Line is granted thirty days in which to file a motion for attorneys' fees under FED. R. CIV. P. 54(d)(2).

**SO ORDERED.**

Date: January 30, 2013

 s/ James T. Moody  
JUDGE JAMES T. MOODY  
UNITED STATES DISTRICT COURT